IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTER DIVISION
No. 5:15-CV-631-BO

| | |
|---|---|
| MARK LADNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. ) | ORDER |

This cause comes before the Court on plaintiff's motion for judgment on the pleadings. Defendant did not file a motion for judgment on the pleadings. A hearing was held on these matters before the undersigned on February 24, 2017, in Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed his applications on July 11, 2012, alleging disability beginning June 6, 2012. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court. Defendant filed a motion to remand to the Commissioner which was denied by this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's bilateral rotator cuff tendinopathy with history of right rotator cuff tear and surgical repair, lumbago and degenerative disk disease of the lumbar spine, obesity, depressive disorder, and post-traumatic stress disorder ("PTSD") were considered severe impairments at step two, but were not found alone or in combination to meet or equal a listing at step three. The ALJ concluded that plaintiff had the RFC to perform light work with additional exertional limitations. The ALJ then found that plaintiff was unable to return to his past relevant work as a tractor trailer truck driver, but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled under the Act.

An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p. If an opinion from a treating source is well-supported by and consistent with the objective medical evidence in the record, it may be entitled to controlling weight. 20 C.F.R. §§ 404.1527(c), 416.927(c). Where an opinion is inconsistent with other evidence in the record, the ALJ need not give that opinion any significant weight. *Id.*; *see also Craig v. Chater*, 76 F.3d at 585, 590 (4th Cir. 1996) ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."). However, ALJ's decision to do so must be accompanied by "a narrative discussion" that discusses "how the evidence supports each conclusion," such that the ALJ's decision is sufficiently specific to make it clear to a reviewing district court "why the opinion was not adopted." *See* SSR 96-8p.

The ALJ's decision in this instance is not supported by substantial evidence. The ALJ found plaintiff capable of light work with the following limitations: that plaintiff can never climb ladders, ropes and scaffolds; can occasionally climb ramps and stairs, stoop and crouch; can frequently balance, kneel and crawl; can occasionally reach overhead with both arms; is limited to simple, repetitive tasks in a low-stress job, defined as having only occasional changes in work setting; and can have occasional interaction with his coworkers, but should have no interaction with the public. Tr. 19. This conclusion is not supported by the record.

4
Case 5:15-cv-00631-BO   Document 27   Filed 03/03/17   Page 4 of 10

In this case, numerous medical opinions were submitted including two opinions rendered by SSA's own consultative examiners ("CE"). Every one of them found plaintiff more functionally restricted than the ALJ found in her decision. Instead of weighing this evidence, the ALJ rejected each and every opinion. Though an ALJ is entitled to resolve inconsistencies between examining medical opinions, SSR 96-8p, 1996 WL 374184, at *7, the ALJ's decision must be supported by substantial evidence, and must adequately address the opinions of treating and consulting physicians and properly explain deviancies between her opinion and the record evidence.

Dr. Newsam found in January of 2012 that the number of hours plaintiff could stand in an eight hour workday was less than one hour. Dr. Newsam also found that the number of hours plaintiff could walk in an eight hour workday was expected to be less than two hours. Plaintiff could sit approximately two hours in an eight hour work day, and he could lift and carry fifteen pounds occasionally and frequently. Frequent manipulation and only infrequent bending, stooping, crouching or squatting was advised. There was no need for an assistive device. Tr. 980.

The ALJ rejected Dr. Newsam's opinion on the grounds that it was inconsistent with her exam findings which "showed no objective or clinical deficits of function and only some reports of pain on palpation." Tr. 25. However, Dr. Newsam's opinion was based on based upon objective medical conditions known to result in the pain from which plaintiff suffers and Dr. Newsam was aware of this when she rendered her opinion. Additionally, the record evidence clearly shows an extensive history of surgery and unmanageable pain as noted by several treating physicians and which was based on plaintiff's objectively verifiable shoulder and spinal pathologies. As the Court noted in *Mascio*, "a claimant's pain and residual functional capacity are not separate assessments to be compared with each other. Rather, an ALJ is required to

consider a claimant's pain as part of his analysis of residual functional capacity." *Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir. 2015). In evaluating a claimant's subjective complaints of pain, the ALJ is not to require objective clinical evidence of the existence and intensity of such pain. Instead, once a claimant has "met [his] threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed," the claimant is then "entitled to rely exclusively on subjective evidence to prove the second part of the test, i.e., that [his] pain is so continuous and/or so severe as to prevent [him] from working a full eight hour day." *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006). Indeed, "[b]ecause pain is not readily susceptible of objective proof . . . *the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative.*" *Hines*, 453 F.3d at 564–65 (emphasis in original).

Similarly, SSA's second CE, Dr. Ramnik Zota, rendered a more restrictive functional assessment than given by the ALJ in December of 2012. Tr. 1139. Dr. Zota found that plaintiff could sit about 20–30 minutes at a time and about three to four hours total in an eight hour work day, stand about 25 minutes at a time and for a total of three to four hours in an eight hour workday (indicating frequent breaks) and that he could walk about half a mile. While plaintiff could probably lift about 25 pounds in Dr. Zota's opinion, plaintiff would have trouble using his right arm above his head. *Id.*

In December of 2011, plaintiff's primary physician, Dr. Gordon, issued a statement that plaintiff was unable to work due to both his physical and psychological problems. Tr. 119. Dr. Hanson, his treating surgeon, stated in December of 2012 that plaintiff may not return to work as he "[h]as bilateral rotator cuff tears, early hip DJD (degenerative joint disease) and chronic LBP (lower back pain). Would likely benefit from home assist with ADLs (activities of daily living)."

Tr. 1154. He then prescribed him a home health aide "given his multiple orthopedic and medical problems." Tr. 1144.

The ALJ also rejected the medical opinions of plaintiff's long time treating therapist (Ms. Cordell) and psychiatrist (Dr. Smith). On October 11, 2011, Ms. Cordell opined:

> I do not believe Mr. Ladner is capable of working due to physical and emotional limitations. Emotionally he suffers from depression, low self-esteem and ADD. As evidenced in the attached documents I believe he has poor concentration, distractibility and difficulty completing sustained tasks. Further, he is socially isolated. I believe Mr. Ladner is in need of disability.

Tr. 135. Dr. Smith issued his opinion in April of 2013. He noted plaintiff had a diagnosis of major depressive disorder ("MDD") with a global assessment of functioning score ("GAF") of 45–50. Dr. Smith noted that plaintiff suffers from depressive symptomology as well as panic attacks and recurrent and marked recollections of past traumatic experience which are a source of marked distress. As a result, plaintiff experienced extreme limitation in activities of daily living, extreme difficulty maintaining social functioning and deficiencies in concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner. Tr. 1173. Dr. Smith noted that plaintiff suffered from moderate impairment in simple and detailed instructions and marked impairment in maintaining attention and concentration for extended periods and being able to perform activities within a schedule. Plaintiff also had marked impairment in his ability to interact appropriately with the general public, maintain socially appropriate behavior and make plans independently of others. Tr. 1174.

The ALJ rejected both opinions arguing that plaintiff's mental status examinations ("MSEs") were essentially normal. Tr. 27–28. A review of the record reveals this is not accurate as plaintiff has suffered from significant mental problems for an extensive period of time and which has been documented in detail by his treating physicians. The ALJ's depiction of

7
Case 5:15-cv-00631-BO   Document 27   Filed 03/03/17   Page 7 of 10

plaintiff's mental health treatment is inaccurate and lacks substantial support from the record, and the medical opinions of Dr. Smith and Ms. Cordell are supported by their treatment notes and should have been given greater weight. Per Dr. Smith's opinion, plaintiff meets the requirements of Listing 12.04 for MDD as he suffers from the requisite depressive symptomology with at least marked limitation in at least two of the functional domains. Tr. 1173–74; 20 C.F.R. Pt. 404, Subpt. P, Appendix I§ 12.04.

In addition to rejecting all the examining medical opinions, the ALJ also gave little weight to the VA disability rating for plaintiff's mental disorders. The ALJ held that "the overall treatment records do not indicate functional limitations or mental health symptoms as severe as the claimant alleges, and Social Security uses a more stringent standard to evaluate 'disability' than the VA." Tr. 29. This holding is in error. Plaintiff's treatment records are consistent with significant mental health disorders which have been largely resistant to treatment. Additionally, the Fourth Circuit has held that "in making a disability determination, the SSA must give substantial weight to a VA disability rating." *Bird v. Commissioner*, 699 F.3d 337, 343 (4th Cir. 2012). Only where the ALJ points to clear reasons for deviation can the ALJ give less weight to a VA rating. The ALJ did not do so here, and her disregard of the rating was therefore in error.

Defendant does not dispute that the ALJ's RFC does not enjoy support from any of the medical sources on record or that every treating and consulting physician in the record opined functional restrictions greater than that found in the ALJ's RFC. Additionally, if plaintiff's complaints were properly regarded as credible, and if the above medical opinion evidence was properly addressed and weighed, including the VA's disability determination, then the record evidence would clearly show that plaintiff would be limited to performing no greater than sedentary work. 20 C.F.R. § 404.1567 (defining the exertional requirements for sedentary work).

8

Were the record medical evidence properly weighed, given that plaintiff was 50 years old as of his alleged onset date and had past work as a truck driver with a restriction to unskilled mental functioning and a GED education level, a finding of disabled would have been directed by the grids. See 20 C.F.R. Pt. 404, Subpt. P, Appendix II § 201.10. Therefore, the result of the ALJ's failures to address or weigh the above evidence in accordance with the principles discussed was not harmless error.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required, however, when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ has clearly explained the basis for his decision and there is no ambivalence in the record. The record properly supports a finding that plaintiff is disabled

9

under the Act. Accordingly, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 20] is GRANTED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this __2__ day of March, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE